UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT REGINALD COMENOUT SR., et al., | CASE NO. 3:16-cv-05464-RJB |
| Plaintiffs, | ORDER ON JUDICIAL AND PROSECUTORIAL DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(B)(1) AND 12(B)(6) |
| v. | |
| PIERCE COUNTY SUPERIOR COURT, et al., | |
| Defendants. | |

THIS MATTER comes before the Court on a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) filed by Defendants Pierce County Superior Court and Judges John and Jane Doe ("Judicial Defendants") and Assistant Attorneys General Joshua Coate and Michael Pellicciotti ("Prosecutorial Defendants"). Dkt. 11. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein. Dkts. 13, 15.

BACKGROUND

This is not the first case concerning the mercenary activities on Public Domain Allotment 130-1027 ("the Allotment"). *See, e.g.*, *Comenout v. Washington*, 722 F.2d 574 (9th Cir. 1983);

1   *Matheson v. Kinnear*, 393 F. Supp. 1025 (W.D.Wash. 1974); *State v. Comenout*, 173 Wn.2d 235

2   (2011); *State v. Comenout*, 1997 WL 235496 (1997); *State v. Comenout*, 173 Wn.2d 235 (2011),

3   *cert. denied*, *Comenout v. Washington*, 132 S.Ct. 2402 (2012); *Quinalt Indian Nation v.*

4   *Comenout*, C15-5586-BHS (W.D.Wash. 2015); *Quinault Indian Nation v. Comenout*, C10-5345-

5   BHS, 2015 WL 1311438 (W.D.Wash. 2015); *Comenout v. Washington State Liquor Control Bd.*,

6   No. 74842-4-I, 2016 WL 4184367, at *5 (Div. II 2016). The Complaint begins against the

7   backdrop of state agents "raid[ing] the convenience store on the [A]llotment and criminally

8   charg[ing]" four of the plaintiffs "with violating the state of Washington cigarette tax law." Dkt.

9   1 at ¶26. These plaintiffs entered Alford pleas on May 25, 2016, and have appealed their state

10  court convictions. *Id*. *See* Dkt. 15 at FN 2, and Dkt. 16.

11          The Complaint seeks declaratory and injunctive relief, on multiple grounds. Specific to

12  the Judicial and Prosecutorial Defendants, "[t]he declaratory relief is sought by Plaintiffs . . .  to

13  dismiss the ongoing state prosecutions." Dkt. 1 at ¶21. The Complaint alleges that state courts

14  have no criminal jurisdiction over the allotment, so "the state court actions in the prosecutions,"

15  including issuance of state court arrest warrants and the plea appeals, should "be dismissed for

16  lack of jurisdiction." Dkt. 1 at ¶¶63.2, 63.3, 63.6. Beyond the declaratory and injunctive relief

17  requested, the Complaint seeks "a declaration to establish the extent, if any," that any of the

18  defendants "have jurisdiction over Plaintiffs' occupancy and activity as American Indian owners

19  on the [Allotment]." Dkt. 1 at ¶22.

20                              MOTION TO DISMISS STANDARD

21  **A.  Fed. R. Civ. P. 12(b)(1) Standard**

22          A complaint must be dismissed under Fed.R.Civ.P.12(b)(1) if, considering the factual

23  allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the

24

1  Constitution, laws, or treaties of the United States, or does not fall within one of the other

2  enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or

3  controversy within the meaning of the Constitution; or (3) is not one described by any

4  jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v.*

5  *Tinnerman*, 626 F.Supp. 1062, 1063 (W.D.Wash. 1986). *See* 28 U.S.C. §§ 1331, 1346. A federal

6  court is presumed to lack subject matter jurisdiction until the plaintiff, who bears the burden,

7  establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Stock*

8  *West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

9  **B.  Fed. R. Civ. P. 12(b)(6) Standard**

10  Under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for "failure to state a claim

11  upon which relief can be granted."  Dismissal of a complaint may be based on either the lack of a

12  cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.

13  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). While a complaint need

14  not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of his

15  entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

16  elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

17  (2007) (internal citations omitted). Accordingly, "[t]o survive a motion to dismiss, a complaint

18  must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

19  on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 570).

20  DISCUSSION

21  **A.  Fed. R. Civ. P. 12(b)(6)—Failure to state a claim.**

22  The Judicial and Prosecutorial Defendants argue that the Complaint fails to state a claim,

23  because under both federal and state law the State of Washington, including its agents—the

24

ORDER ON JUDICIAL AND PROSECUTORIAL
DEFENDANTS' MOTION TO DISMISS UNDER
FRCP 12(B)(1) AND 12(B)(6)- 3

1    Judicial and Prosecutorial and Defendants—is authorized to assert criminal jurisdiction over the

2    Allotment. Dkt. 11 at 4-8. *See* Public Law 83-280 ("PL 280"), RCW § 37.12.010, and *Wash. v.*

3    *Confederated Bands and Tribes of Yakima Indian Nation*, 439 U.S. 463 (1979).

4              In response, Plaintiffs point out that not all the plaintiffs have been criminally prosecuted

5    and argue that "[t]he Complaint seeks much more than restraining prosecution. It seeks

6    Declaratory Judgments invalidating state law and declaring that federal courts have exclusive

7    jurisdiction" over the allotment, including all of its owners and their past and future allotment

8    activity. Dkt. 13 at 3, 4. Plaintiffs argue against all three of the authorities cited. First, Plaintiffs

9    contend that RCW § 37.12.010 is inapplicable because of *State v. Jim*, 173 Wn.2d 672 (2012),

10   where the Washington State Supreme Court answered in the affirmative to the following

11   certified question: "Does the State have criminal jurisdiction to cite an enrolled member of the

12   Yakama Nation at Maryhill [Treaty Fishing Access Site]?" *Id*. at 678. Dkt. 13 at 6, 7. Second,

13   Plaintiffs argue that PL 280 does not apply, because, among other authorities, "Robert T.

14   Anderson, probably the most knowledgeable person on Indian law in the state," wrote a law

15   review on the subject. *Id*. at 9-11. *See* Anderson, Robert T., *Negotiating Jurisdiction:*

16   *Retroceding State Authority Over Indian Country Granted by Public Law 280*, 87 Wash.L.Rev.

17   915 (2012). Third, Plaintiffs argue that *Wash. v. Confederated Bands and Tribes of Yakima*

18   *Indian Nation*, 439 U.S. 463, is bad law. Dkt. 13 at 11, 12. Beyond refuting the state authorities

19   cited by the Judicial and Prosecutorial Defendants, Plaintiffs also argue that the Allotment is

20   governed by the Bureau of Indian Affairs, not state law, that a "long line of cases" hold that the

21   State has no jurisdiction of Indian crime taking place on allotments, and that the Allotment is

22   Indian Country, so state search warrants and actions by the Assistant Attorney General are void.

23   *Id*. at 13-20.

24

ORDER ON JUDICIAL AND PROSECUTORIAL
DEFENDANTS' MOTION TO DISMISS UNDER
FRCP 12(B)(1) AND 12(B)(6)- 4

1       Plaintiffs persist in their argument that PL 280 and RCW § 37.12.010 do not give the

2   State criminal jurisdiction over cigarette selling activities on the Allotment. The property at issue

3   in a prior case, the Allotment in this case, was at the center of a challenge by two plaintiffs who

4   are parties in this case. *State v. Comenout*, 173 Wn.2d 235. The Washington State Supreme

5   Court held that the State had nonconsensual criminal jurisdiction, and that the unlicensed store

6   from which the defendants were allegedly selling unstamped cigarettes was not exempt from

7   state cigarette tax. *Id*. Prosecuting the defendants' unlawful selling without a license and

8   possession of unstamped cigarettes was proper. *Id*. Other than requesting general assurances

9   from the Court to authorize Plaintiffs' future activities on the Allotment—which is problematic

10  for a number of reasons (not ripe, overly vague, encroaches upon prior state court decisions, *see*

11  *below*)— Plaintiffs have alleged no legal theory that could meaningfully distinguish this case

12  from the 2011 case. They have not alleged a plausible basis for the relief requested. The Judicial

13  and Prosecutorial Defendants' motion should be granted. The case should be dismissed against

14  the Judicial and Prosecutorial Defendants because granting leave to amend would be futile. *See*

15  *Moss v. U.S. Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009).

16  **B.   Fed. R. Civ. P. 12(b)(1)—Lack of subject matter jurisdiction.**

17      The Judicial and Prosecutorial Defendants argue that the Court lacks subject matter

18  jurisdiction based on the *Younger* abstention doctrine, which is grounded on basic notions of

19  comity, and the Anti-Injunction Act. Dkt. 11 at 13-20. Further, they argue, to the extent that the

20  Complaint seeks to overturn the four *Alford* criminal pleas, appealed in state court, the *Rooker-*

21  *Feldman* doctrine, res judicata, and collateral estoppel preclude this Court from acting like an

22  appellate court. *Id*. Regarding the broader request for prospective relief, they argue, the claims

23  are not yet ripe. *Id*.

24

1       Plaintiffs argue that the *Younger* abstention and *Rooker Feldman* doctrines do not apply,

2   because the state acted beyond its jurisdiction and authority under circumstances where "federal

3   law is supreme." Dkt. 13 at 23. Plaintiffs contend that although the state may have an interest in

4   enforcing its laws in Indian Country, "it can have no legitimate interest in intruding on the

5   federal government's exclusive jurisdiction to enforce those state laws." *Id*. at 24. Plaintiffs also

6   point out that two of the plaintiffs are not defendants in the state court criminal convictions on

7   appeal. *Id*. Regarding the Anti-Injunction Act, Plaintiffs' argument is disorganized, opaque, and

8   appears to confuse the statue at issue with the Tax Anti-Injunction Act. *See id.* at 21, 22.

9       *1.* Younger *abstention doctrine.*

10      The *Younger* abstention doctrine, based on *Younger v. Harris*, 401 U.S. 37, 43-46 (1971),

11  requires two levels of analysis. First, courts consider whether the doctrine applies by considering

12  three threshold issues: if "1) there are ongoing state judicial proceedings; (2) the proceedings

13  implicate important state interests; and (3) the state proceedings provide the plaintiff with an

14  adequate opportunity to raise federal claims." *AmerisourceBergen Corp. v. Roden*, 495 F.3d

15  1143, 1149 (9th Cir. 2007), quoting *Meredith v. Oregon,* 321 F.3d 807, 817 (9th Cir. 2003).

16  Second, if the threshold showing is met, courts consider whether the relief requested by plaintiffs

17  would enjoin ongoing state court proceedings, or have the practical effect of doing the same. *Id*.

18      First, the three threshold issues are satisfied. It cannot reasonably be disputed that there

19  are ongoing state judicial proceedings, because Plaintiffs expressly ask for intervention. Next,

20  the state court proceedings are criminal matters, which are of concern to the State. Finally,

21  although Plaintiffs take issue with the results of the state court proceedings, there is no basis in

22  the record to suggest that Plaintiffs have been denied an adequate *opportunity* to raise the claims

23  raised by this case.

24

1    Plaintiffs argue that the relief requested as to the Judicial and Prosecutorial Defendants

2  goes beyond the state court cases now on appeal, because the injunctive and declaratory relief

3  requested comes from parties other than those appealing their convictions and extends to

4  prospective activities on the Allotment. This argument is germane to the second issue, whether

5  granting the relief would enjoin state court proceedings or have the practical effect of doing the

6  same. In short, it would. Were the Court to grant Plaintiffs' requested relief, it would overturn

7  the four state court convictions, by virtue of Plaintiffs' explicit request. Dkt. 1 at ¶¶26, 63.1-63.6.

8  The requested relief centers on a conflict between Indian and state jurisdiction of the Allotment,

9  Dkt. 1 at ¶¶22, 60-65  so granting the requested relief would also overturn another state court

10  decision that expressly held that the Allotment is subject to state criminal jurisdiction, a decision

11  left untouched by the United States Supreme Court. *Comenout v. Washington*, 132 S.Ct. 2402

12  (2012). Furthermore, even if the Court was willing to overturn those decisions, the request for

13  prospective relief is not ripe for decision. Therefore, for reasons of comity, consistent with

14  *Younger*, *see id.* at 43-46, this Court should dismiss the claims against the Judicial and

15  Prosecutorial Defendants.

16    *2. Anti-Injunction Act*

17    The Anti–Injunction Act precludes courts from staying state court proceedings, with three

18  exceptions: "except as expressly authorized by Act of Congress, or where necessary in aid of its

19  jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The exceptions "are

20  narrow and are 'not [to] be enlarged by loose statutory construction.'" *Smith v. Bayer Corp.*, 564

21  U.S. 299, 306 (2001), quoting *Chick Kam Choo v. Exxon Mobil Corp.,* 486 U.S. 140, 146 (1998).

22  Indeed, "[a]ny doubts as to the propriety of a federal injunction against state court proceedings

23  should be resolved in favor of permitting the state courts to proceed." *Id.*

24

1    Applied here, the Anti-Injunction Act precludes Plaintiffs' claims for injunctive relief

2 against the Judicial and Prosecutorial Defendants because none of the exceptions apply.

3 Congress has not intervened to give Plaintiffs the authority to intervene in state court criminal

4 matters. *See* PL 280 and *Wash. v. Confederated Bands and Tribes of Yakama Indian Nation*, 439

5 U.S. at 472-74. The Judicial and Prosecutorial Defendants correctly point out that the second

6 exception, "where necessary in aid of its jurisdiction," typically applies to in rem actions, which

7 this is not, *see Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 642 (1977). They also rightly

8 point out that even when the exception is applied more broadly in the Ninth Circuit to Indian law

9 cases, the cases were commenced by Indian tribes, not individual Indians, and dealt with statutes

10 with an explicit intent of Congress to create exclusive jurisdiction, unlike this case. Dkt. 11 at 9,

11 citing *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 642 (1977).

12    Courts have taken care to make the third exception, known as the relitigation exception,

13 "strict and narrow." *Id.* at 306. The exception "is designed to implement "well-recognized

14 concepts" of claim and issue preclusion . . . authoriz[ing] an injunction to prevent state litigation

15 of a claim or issue "that previously was presented to and decided by the federal court." *Id.* The

16 exception does not apply here because Plaintiffs do not allege that their state court criminal

17 convictions were also litigated previously by this court.

18    None of the statutory exceptions of the Anti-Injunction Act apply, so Plaintiffs' claims

19 for injunctive relief should be dismissed against the Judicial and Prosecutorial Defendants.

20 Under basic principles of comity, the claims for declaratory judgment should also be dismissed,

21 because "the practical effect of the two forms of relief will be virtually identical, and the basic

22 policy against federal interference with pending state criminal prosecutions will be frustrated as

23

24

1 much by a declaratory judgment as it would be by an injunction" *Samuels v. Mackell*, 401 U.S.

2 66, 73 (1971).

3     *3. Rooker-Feldman doctrine.*

4     Under the *Rooker-Feldman* doctrine, federal courts do not have jurisdiction to hear direct

5 appeals from state court judgments, which can only be reviewed by direct appeal to the United

6 States Supreme Court. *Morrison v. Peterson*, 809 F.3d 1059, 1070 (9th Cir. 2015). The doctrine

7 extends not only to direct appeals "but also over the 'de facto equivalent' of such an appeal." *Id.*,

8 quoting *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). "However, if a plaintiff presents an

9 independent claim in federal court, federal jurisdiction is not defeated by the fact that the parties

10 litigated the "same or a related question" earlier in state court." *Id.*, quoting *Skinner v. Switzer,*

11 562 U.S. 521, 522 (2011).

12     To the extent that that Complaint requests this Court to interfere with state court

13 proceedings now on appeal, the doctrine soundly applies. The doctrine is applicable to "cases

14 brought by state-court losers . . . inviting district court review and rejection [of the state court's]

15 judgments." *Exxon Mobil Corp. v. Saudi Industries Basic Industries Corp.*, 544 U.S. 280, 284

16 (2005). As discussed with relation to the *Younger* abstention doctrine, although the Complaint

17 requests relief by plaintiffs other than those appealing their state court convictions, and although

18 the Complaint requests prospective relief, at its core, the Complaint centers on its request that

19 this Court address the issue of jurisdiction. The issue has been previously litigated, and to the

20 extent it could become an issue in the future, the issue is not yet ripe for decision.

21     *4. Res judicata and collateral estoppel.*

22     The Judicial and Prosecutorial Defendants make a cursory argument that equitable

23 doctrines of res judicata and collateral estoppel warrant dismissal. Dkt. 11 at 14, 15. These

24

ORDER ON JUDICIAL AND PROSECUTORIAL
DEFENDANTS' MOTION TO DISMISS UNDER
FRCP 12(B)(1) AND 12(B)(6)- 9

1  doctrines may apply, but the Court need not reach their application because dismissal should be

2  granted on multiple other grounds. *See above*.

3                                                          * * *

4          Therefore, it is hereby

5          **ORDERED** that the Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) filed

6  by Defendants Pierce County Superior Court and Judges John and Jane Doe ("Judicial

7  Defendants") and Assistant Attorneys General Joshua Coate and Michael Pellicciotti

8  ("Prosecutorial Defendants") (Dkt. 11) is HEREBY GRANTED. As against the Judicial and

9  Prosecutorial Defendants the case is HEREBY DISMISSED.

10         The Clerk is directed to send uncertified copies of this Order to all counsel of record and

11  to any party appearing pro se at said party's last known address.

12         Dated this 16th day of September, 2016.

13

14

15         ROBERT J. BRYAN
           United States District Judge

16

17

18

19

20

21

22

23

24