UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT REGINALD COMENOUT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BOYD GOODPASTOR, <br><br> Defendants. | CASE NO. 3:16-cv-05464-RJB <br><br> ORDER ON (1) DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT AND (2) PLAINTIFFS' COUNTER MOTION TO DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT |

BEFORE THE COURT are two matters, Defendants' Motion to Strike First Amended Complaint (Dkt. 33), and Plaintiffs' Counter Motion to Defendants' Motion to Strike First Amended Complaint (Dkt. 35). The Court has considered the motions, pleadings filed in support and in opposition thereto, and the remainder of the file herein.

Defendants move to strike the Amended Complaint on procedural grounds, because Plaintiffs failed to either timely amend the Complaint within 21 days as a matter of course or seek the Court's leave to amend. Dkt. 33 at 4, 5. *See* Fed. R. Civ. P. 15(a). Defendants argue that the filing of the Amended Complaint does not conform with Local Court Rule (LCR) 15,

ORDER ON (1) DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT AND (2) PLAINTIFFS' COUNTER MOTION TO DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT- 1

because Plaintiffs did not file a copy of the proposed Amended Complaint with any demarcations noting distinctions with the Complaint. *Id*; Dkt. 37 at 5, 6. Defendants object to the Amended Complaint on substantive grounds, because permitting amendment would be futile, given the Court's prior rejection of "some parties, claims, legal theories, and relief" now alleged in the Amended Complaint. Dkt. 33 at 6; Dkt. 37 at 6.

In response, Plaintiffs make three primary arguments: (1) Fed. R. Civ. P. 15(a)(2) is unconstitutional because it denies Plaintiffs access to the courts; (2) the Amended Complaint was timely filed, because the 21 day clock runs from the Fed. R. Civ. P. 12(f) Motion to Strike (Dkt. 33), not the Fed. R. Civ. P. 12(b)(6) Motion to Dismiss (Dkt. 11); and (3) because the Amended Complaint was timely filed, it supersedes the Complaint as a matter of right under Fed. R. Civ. P. 15(a)(1). Dkt. 35 at 3-7. Plaintiffs' Response also includes their "counter motion," which requests leave to amend the Complaint. Plaintiffs argue that leave to amend is warranted because Defendants have made no showing of prejudice, no previous amendments have been filed, and case law supports the liberal granting of leave to amend. Dkt. 35 at 8-10.

Fed. R. Civ. P. 15(a)(1) and (2) provides:

(a) AMENDMENTS BEFORE TRIAL.

   (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

      (A) 21 days after serving it, or

      (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

   (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Local Court Rule (LCR) 15 further provides that "a party who moves for leave to amend a pleading . . . must attach a copy of the proposed amended pleading as an exhibit . . . [and] must

ORDER ON (1) DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT AND (2) PLAINTIFFS' COUNTER MOTION TO DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT- 2

indicate on the proposed amended pleading how it differs from the pleading that it amends[.]" Further, "[t]he proposed amended pleading must not incorporate by reference any part of the preceding pleading[.]" LCR 15.

Plaintiffs provide no authority for their argument that Fed. R. Civ. P. 15 is unconstitutional. The argument is not warranted.

Plaintiffs' argument that the Amended Complaint supersedes the Complaint should also be rejected, because subsection (a)(2), not subsection (a)(1) applies. The 21 days allowed under subsection (a)(2) ran from the date of service of Defendants' Fed. R. Civ. P. 12(b)(6) Motion to Dismiss (Dkt. 11), which was filed on August 4, 2016. The Amended Complaint was not filed until November 12, 2016, which far surpasses the 21 days allowable as a matter of course. Dkt. 26. Plaintiffs' argument that the 21 days should run from service of Defendants' Fed. R. Civ. P. 12(f) Motion to Strike (Dkt. 33) should be rejected. Because the Amended Complaint was not filed as a matter of course under Fed. R. Civ. P. 15(a)(1), it does not supersede the Complaint, and leave to amend by the court is required.

Considering subsection (a)(2), the next issue is whether the Court should give Plaintiffs leave to amend. Plaintiffs' request for leave to amend does not comply with LCR 15, because Plaintiffs did not attach a copy of the proposed amended pleading to their motion, and more importantly, the Amended Complaint is not distinguished from the Complaint by bracketing, striking, or other markings, as the rule requires. The latter local rule violation is especially problematic because the Amended Complaint, 82 pages in length, attempts to amend the Complaint, 87 pages in length, and the Court previously dismissed the entire case against some, but not all, defendants. *See* Dkt. 1; Dkt. 18; Dkt. 26. At this stage of the litigation and on these

ORDER ON (1) DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT AND (2) PLAINTIFFS' COUNTER MOTION TO DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT- 3

Case 3:16-cv-05464-RJB   Document 42   Filed 01/03/17   Page 4 of 4


facts, leave to amend would not serve the ends of justice. Therefore, Defendants' motion to strike should be granted, and Plaintiffs' motion should be denied without prejudice.

The Court previously rejected the use of this case as a means to relitigate a prior case. Dkt. 18 at 5. Plaintiffs are cautioned to carefully consider the prudence of filing amended pleadings, if any. Plaintiffs are also cautioned that Fed. R. Civ. P. 8 requires the complaint to be a short and plain statement.

\* \* \*

Therefore, it is HEREBY ORDERED:

Defendants' Motion to Strike (Dkt. 33) is GRANTED.

Plaintiffs' Counter Motion to Defendants' Motion to Strike (Dkt. 35) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 3rd day of January, 2017.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER ON (1) DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT AND (2) PLAINTIFFS' COUNTER MOTION TO DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT- 4