UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT REGINALD COMENOUT SR., EDWARD AMOS COMENOUT III, THE ESTATE OF EDWARD AMOS COMENOUT JR., ROBERT REGINALD COMENOUT JR., MARLENE COMENOUT and LEE A. COMENOUT SR.,<br><br>Plaintiffs,<br>v.<br><br>J. MARK KELLER, et al.,<br><br>Defendants. | CASE NO. 3:16-cv-05464-RJB<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIONS |

BEFORE THE COURT is Plaintiffs' Motion for Leave to File Third Amended Complaint for Preliminary and Permanent Injunctions (Dkt. 46). The Court has considered pleadings filed in favor of and against the motion and the remainder of the file herein.

BACKGROUND

**A. Procedural history.**

On June 10, 2016, Plaintiffs filed the Complaint. Dkt. 1. Plaintiffs voluntarily dismissed Defendant Washington State Department of Revenue and Defendant Washington state Liquor and Cannabis Control Board. Dkt. 17. Defendants Joshua Choate, Michael Pellicciotti, and Pierce County Superior Court (collectively "the Prosecutorial and Judicial Defendants") were dismissed from the case for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Dkt. 18.

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIONS - 1

On November 11, 2016, Plaintiffs filed the First Amended Complaint, which was stricken for Plaintiffs' failure to obtain leave to amend. Dkt. 42. *See* Dkt. 26.

On November 29, 2016, the Court issued a Scheduling Order that included a deadline for joinder of parties of December 29, 2016, set a discovery cutoff of July 3, 2017, and set a trial date of October 30, 2017. Dkt. 34.

On January 14, 2017, Plaintiffs filed a Second Amended Complaint. On January 17, 2017, the State Defendants electronically emailed a letter to Plaintiffs' counsel requesting that they withdraw motion to amend. Dkt. 51. Plaintiff withdrew the proposed Second Amended Complaint. Dkts. 43, 44.

On February 13, 2017, Plaintiffs filed this Motion for Leave to File Third Amended Complaint. Dkt. 46. *See* Dkt. 46-1 (redline version) and Dkt. 48 (clean version).

On March 19, 2017, the State Defendants filed a Motion for Sanctions. Dkt. 49. The motion followed the State Defendants' advance notice to Plaintiffs of their intent to seek sanctions.

**B. The Third Amended Complaint.**

The Third Amended Complaint alleges claims against defendants not named in the Complaint: (1) Raj Veluppillai, Al Anderson, Tom Walsh, and Boyd Goodpastor (ATF agents); (2) Douglas Smythe (former employee of the Quinault Indian Nation); (3) Terry Schuh (State of Washington Administrative Law Judge); (4) Thomas Felnagle (Pierce County Superior Court Judge Pro Tem); and Dennis O'Brian (Pierce County Probation Officer). It also amends the claims in the original Complaint. Dkt. 1; Dkt. 48 at 1.

DISCUSSION

**A. Plaintiffs' Motion for Leave to Amend.**

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIONS - 2

Where, as here, a party seeks to amend more than 21 days after filing of the initial pleadings, but prior to trial, the party may amend either with written consent of the opposing parties or with leave of the court. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The rule is designed "to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011).

Plaintiffs' motion for leave to amend should be denied for a number of reasons: (1) it is untimely; (2) it mixes futile claims with claims that may not be futile; (3) it is not a short statement of Plaintiffs' claims (Fed. R. Civ. P. 8(a)); and (4) it is not a plain statement of Plaintiffs' claims (Fed. R. Civ. P. 8(a)).

The request for leave to amend is untimely, and on that basis alone Plaintiffs' motion should be denied. Over six months elapsed from the filing of the Complaint until the request for leave to amend was properly before the Court. Plaintiffs have provided no reason for the delay. Given the procedural posture of the case, the request for leave to amend is more than a technicality. The Third Amended Complaint seeks to add multiple new defendants after the deadline for joinder of parties, yet the Third Amended Complaint alleges no facts that could not have been known at the commencement of the case. No new discovery necessitated the late amendment; on the contrary, Plaintiffs concede that discovery has not commenced, although deadlines and a trial date have been set. *See* Dkt. 34.

The Third Amended Complaint appears to mix futile claims with claims that may not be futile. Adding new defendants, some of whom (O'Brian, Schuh, and Felnagle) appear to be "Judicial and Prosecutorial Defendants," is likely a replay of the Order on Judicial and Prosecutorial Defendants' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(B)(6) (Dkt.

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIONS - 3

1  18). Further, as reflected in the State Defendants' Motion for Sanctions (Dkt. 49), most, if not all,

2  of the claims in the Third Amended Complaint may be futile based on res judicata and/or

3  collateral estoppel.[1]

4      In any event, even if claims alleged in the Third Amended Complaint are not futile, the

5  Third Amended Complaint is not a short and plain statement. When striking Plaintiffs' First

6  Amended Complaint on procedural grounds, the Court cautioned Plaintiffs "to carefully consider

7  the prudence of filing amended pleadings . . . [and that] Fed. R. Civ. P. 8 requires the complaint

8  to be a short and plain statement." Dkt. 42 at 4. The Third Amended Complaint does not comply

9  with this requirement. For example, in its 22 pages, claims, arguments and legal conclusions are

10 interwoven and citations needlessly take up space, including nearly a full page at page 12 (Dkt.

11 48). Further, it is difficult to discern which Plaintiffs make claims against which defendants;

12 what claims remain, if any, after futile claims are eliminated; what claims are attempts to reverse,

13 retry, or modify adverse decisions of other courts; and whether the claims made here are the

14 subjects of other court decisions.

15     Plaintiffs' motion for leave to amend should be denied.

16     IT IS SO ORDERED.

17     The Clerk is directed to send uncertified copies of this Order to all counsel of record and

18 to any party appearing pro se at said party's last known address.

19     Dated this 29th day of March, 2017.

                              */s/ Robert J. Bryan*
                              ROBERT J. BRYAN
                              United States District Judge

---

[1] The Court has not considered—and does not now consider—the application of these doctrines.