# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| ROBERT REGINALD COMENOUT, SR., et al., <br><br> Plaintiffs, <br><br> v. <br><br> PIERCE COUNTY SUPERIOR COURT, et al., <br><br> Defendants. | CASE NO. 3:16-cv-05464-RJB <br><br> ORDER ON MOTION TO DISMISS |

THIS MATTER comes before the Court on the Motion to Dismiss filed by the remaining named defendants, Boyd Goodpastor, J. Mark Keller, and Lee Boling. Dkt. 65. The Court has considered the motion, Plaintiffs' Response (Dkt. 68), the remaining named defendants' Reply (Dkt. 69), and the remainder of the file herein.

## BACKGROUND

**A. Procedural history.**

ORDER ON MOTION TO DISMISS - 1

Plaintiffs have made several attempts to amend the original Complaint (Dkt. 1), without success. *See* Dkt. 26, 33, 35, 42, 43, 44, 46, 63. The Court has denied motions for leave to amend the Complaint without prejudice. Dkts. 42, 63. The Complaint still controls.

The Complaint names multiple defendants, the following of which have been dismissed either voluntarily by Plaintiffs or by order of the Court: Pierce County Superior Court, Washington State Liquor and Cannabis Control Board, Washington State Department of Revenue, Joshua Choate, Michael Pellicciotti, and Judges John Doe and Jane Doe. Dkts. 17, 18. The remaining named defendants, Boyd Goodpastor, J. Mark Keller, and Lee Boling, filed this motion to dismiss. *See* Dkt. 65.

**B. Facts alleged.**

The Complaint centers on Plaintiffs' commercial activities on Public Domain Allotment 130-1027 ("the Allotment"), which Plaintiffs allege is Indian Country and not subject to taxation by the State of Washington. Dkt. 1 at 1. Law enforcement "raided the convenience store on the [A]llotment and criminally charged" four of the plaintiffs "with violating the state of Washington cigarette tax law." Dkt. 1 at ¶26. These plaintiffs entered Alford pleas in May of 2016 and have appealed their state court convictions. *Id.* The remaining plaintiff, Edward Amos Comenout III, who is allegedly a joint owner of the Allotment, "has never been accused or charged in any with any participation in the convenience store operation on the [A]llotment." Dkt. 1 at ¶34. Much of the Complaint seeks to hold liable the prosecutors and judges involved in the state proceedings. *See, e.g.,* Dkt. 1 at ¶¶27-29, 32.

Specific to the remaining named defendants, the Complaint alleges only the following:

> 30. **Boyd Goodpaster** and **Lee Boling** are employees . . . of the Washington State Liquor and Cannabis Control Board. They each personally investigated and coordinated prosecution of Plaintiffs beyond territorial [*sic*] and without personal jurisdiction over Plaintiffs.

ORDER ON MOTION TO DISMISS - 2

> 31. Officer **J. Mark Keller** has issued several affidavits against Plaintiff as an agent on loan to the state of Washington. His affidavits have recited legal principles but have failed to give a correct statement of the application of the state cigarette tax law to Indians, thereby misleading courts to issue invalid search warrants.

Dkt. 1 at ¶¶30, 31 (emphasis added). The remaining named defendants are each named in their professional capacity. *Id*.

The Complaint alleges three claims, the second of which is alleged only against dismissed defendants. *See* Dkt. 1 at ¶64. The First Claim seeks "declaratory and injunctive judgment" on approximately eighteen separate grounds. Dkt. 1 at ¶¶60-63. Common to all relief sought is the premise that Plaintiffs should be able to use the Allotment for commercial purposes without interference from the State of Washington. *See* Dkt. 1 at ¶¶60-63. For example, the Complaint seeks declaratory judgment that federal law applies to Indian activities on the Allotment (¶60.2); that "Defendants have no personal jurisdiction of Plaintiffs' activity" on the Allotment, except for certain crimes (¶60.4); that the "exclusive jurisdiction over the [A]llotment is in the United States Congress" (¶60.6); and that the State of Washington "has no right to control or tax buildings or the revenue" on the Allotment (¶63.8). The First Claim also seeks declaratory judgment relating to pending state criminal proceedings, for example, when requesting that "state court actions in the prosecutions listed . . . be dismissed for lack of jurisdiction (¶63.1), and that "no jurisdiction existed to issue a state court warrant for their arrests" (¶63.2). Finally, the First Claim seeks declaratory and injunctive relief as to "industrial Hemp," specifically, that "commerce in marijuana now allowed in the State of Washington is legally allowed on the [A]llotment." Dkt. 1 at ¶63.10.

The Third Claim, which is one paragraph in length, requests that "the Court enjoin the Defendants . . . from any and all actions in the future [that are] preempted by federal law . . . or . . . from enforcing the laws that the Court rules inapplicable to Plaintiffs." Dkt. 1 at 51.

**C. Motion to Dismiss.**

The remaining named defendants request dismissal for lack of subject matter jurisdiction, insufficient service of process, and failure to state a claim. *See* Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6). Dkt. 65. For the reasons discussed below, the motion to dismiss should be granted for lack of subject matter jurisdiction.

<u>DISCUSSION</u>

To protect state judgments from collateral federal attack, "[t]he *Rooker-Feldman* doctrine instructs that federal district courts are without jurisdiction to hear direct appeals from the judgments of state courts." *Cooper v. Ramos,* 704 F.3d 772, 777 (9th Cir.2012); *Doe & Assocs. Law Offices v. Napolitano,* 252 F.3d 1026, 1030 (9th Cir.2001). "The doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal," as well as "the 'de facto equivalent' of such an appeal." *Id.* (*Noel v. Hall,* 341 F.3d 1148, 1155 (9th Cir.2003)). The doctrine not only prohibits litigating a de facto appeal, but also any issue that is "inextricably intertwined" with the state court's judgment. *Cooper,* 704 F.3d at 778–79. A claim is "inextricably intertwined" with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it," *i.e.*, "[w]here federal relief can only be predicated upon a conviction that the state court was wrong." *Id.* at 779 (quoting *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 25 (1987)). The doctrine applies where a party "[1] asserts as her injury legal error or errors by the state court *and* [2] seeks as her remedy relief

from the state court judgment." *Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1140 (9th Cir.2004) (citing *Noel,* 341 F.3d at 1164) (emphasis in original).

Applied here, except as to Plaintiff Edward Amos Comenout III (*see below*), the *Rooker-Feldman* doctrine should be applied to bar claims against the remaining named defendants. In particular, two requests for declaratory judgment lay bare the showing for both *Rooker-Feldman* elements: where declaratory relief is sought (1) for "state court actions in the prosecutions . . . [that should] be dismissed for lack of jurisdiction," and (2) in order for "the Court [to] find that no jurisdiction existed to issue a state court warrant." Dkt. 1 at ¶¶63.1, 63.2. Granting this relief in Plaintiffs' favor would assign error to the state court and interfere with state court proceedings, rendering this Court as the functional equivalent of a court of appeal.

Were these two requests for declaratory judgment made in isolation, perhaps they could themselves be stricken and the case could otherwise proceed on the pleadings, but these allegations are inextricably intertwined with allegations specific to the remaining named defendants. As to Mr. Goodpaster and Mr. Boling, it is alleged that "each personally investigated and coordinated prosecution of Plaintiffs beyond territorial and without personal jurisdiction," Dkt. 1 at ¶30, which directly bears on the request that this Court declare that state court actions should be dismissed. *See id*. at ¶63.1. As to Mr. Keller, it is alleged that he submitted affidavits with legal principles "that failed to give a correct statement of the . . . law . . . thereby misleading courts to issue invalid search warrants." *Id*. at ¶31. This allegation relates directly to the challenge of the state court's pretrial ruling. *See id*. at ¶63.2. Following the allegations against the remaining named defendants to their logical conclusion, *see id*. at ¶¶30, 31, the Court must conclude that the allegations are "inextricably intertwined with the state-court judgment

[because] the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Cooper*, 704 F.3d at 778.

In summary, while Plaintiffs may attempt to cast their claims as allegations against individuals, the Complaint is a not-so-veiled attempt to undermine the state court proceedings. The Court lacks subject matter jurisdiction because the *Rooker-Feldman* doctrine should be applied to bar claims against the remaining named defendants.

Two arguments by Plaintiffs merit further discussion. First, Plaintiffs argue that *Rooker-Feldman* is inapplicable to Plaintiff Edward Comenout III because he was not a party to the state court proceedings. Dkt. 68 at 5. The Court agrees. Barring claims by Plaintiff Edward Comemout III under *Rooker-Feldman* would misapply the doctrine, because he is a nonparty. "The *Rooker–Feldman* doctrine does not bar actions by nonparties to the earlier state-court judgment [even though], for purposes of preclusion law, they could be considered in privity with a party to the judgment." *Lance v. Dennis*, 546 U.S. 459, 466 (2006).

Nonetheless, the Court lacks jurisdiction over claims of Plaintiff Edward Comenout III, because the state court proceedings provide the only factual basis for his claims against the remaining named defendants. *See* Dkt. 1 at ¶¶30, 31. Plaintiff Edward Comenout III was not the object of any alleged actions by the remaining named defendants, so there is no justiciable case or controversy. Put differently, a decision favorable for Plaintiff Edward Comenout III would not be fairly "traceable to the [remaining named] defendant[s]." *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 834 (9th Cir. 2014). Causation between the remaining named defendants and Plaintiff Edward Comenout III is too tenuous.

Even if there were a case or controversy, Plaintiff Edward Comenout III's claims should be barred on equitable grounds by collateral estoppel. The party asserting collateral estoppel

must show: (1) the issue decided in a prior adjudication is identical to the one in the present action; (2) the prior adjudication reached a final judgment on the merits; (3) same party or privity; and (4) precluding relitigation would not work an injustice against the party who is to be estopped. *Clark v. Baines*, 150 Wn.2d 905, 913 (2004). Here, the identical issue of whether the Allotment is exempt from State of Washington cigarette taxes has been previously addressed on the merits, *State v. Comenout*, 173 Wn.2d 235 (2011); Defendant Edward Comenout III is in privity to the rest of the plaintiffs as a "joint owner of the [A]llotment"; and applying the above *Rooker-Feldman* reasoning against Plaintiff Edward Comenout III, who apparently shares in the Allotment's commercial activities with the other plaintiffs, would not work an injustice. Based on the lack of a justiciable case or controversy and because he should be collaterally estopped from proceeding with his claims, the Court lacks subject matter jurisdiction over Plaintiff Edward Comenout III's claims against the remaining named defendants.

Second, Plaintiffs argue that dismissal is not warranted because Plaintiff Edward Comenout III seeks a declaration that he can sell marijuana on the Allotment without payment of state tax, and the prior cases only addressed state taxation of cigarettes, not marijuana. Dkt. 68 at 3. Marijuana appears to be an afterthought in a complaint that focuses on relitigating the characterization of the Allotment. *Compare* Dkt. 1 at ¶¶60.1-63.9 and Dt. 1 at ¶63.10. However, even if this were a cognizable basis for declaratory or injunctive relief, the Complaint does not allege a factual basis to maintain such a claim against each of the remaining named defendants. *See* Dkt. 1 at ¶¶30, 31.

Because the Court lacks subject matter jurisdiction over claims against the remaining named defendants, their motion should be granted and they should be dismissed from the case.

\* \*

The remaining named defendants also seek dismissal for insufficient service of process. Were the case not already dismissed on other grounds, dismissal without prejudice would be proper for insufficient service of process. *See* Fed. R. Civ. P. 4. Plaintiffs have not yet properly served the United States, yet they maintain that they do not need to do so because the remaining named defendants are not federal employees. However, the Court—on a motion <u>by Plaintiffs</u>—allowed Plaintiffs more time to serve the United States. Dkts. 28, 38. Nothing has changed since the Court ordered Plaintiffs to serve the United States by a date certain. Regardless of whether Plaintiffs agree that the remaining named defendants are federal employees, at a minimum—and in an abundance of caution to comply with the Court's prior order—Plaintiffs should have served the federal government.

Other than the remaining named defendants, the only other defendants in the case are unnamed defendants, John Doe and Jane Doe 1-10, described in the Complaint as "fictitious names of employees of the Washington State Liquor and Cannabis Board who participated in raids on Plaintiffs' [A]llotment . . . or who may participate in the future." Dkt. 1 at 1. Because all named defendants have been dismissed from the case, without more factual allegations particular to the claims against John Doe and Jane Doe, e.g., allegations that would differentiate the claims against John Doe and Jane Doe from those alleged against their colleagues—who have been dismissed from the case—dismissal without prejudice is appropriate.

The Court has not reached the merits of all possible claims, because prior attempts to amend the Complaint have been denied on procedural grounds. Dkts. 42, 63. The case should be dismissed without prejudice as to a motion for leave to amend. If Plaintiffs elect to seek leave to amend and satisfy their burden for leave to amend under Fed. R. Civ. P. 15(a), the Court expects Plaintiffs to properly serve named parties so that service of process does not needlessly prolong

the case or distract from the merits. It is also suggested that any proposed amended complaint should allege specific claims against specific defendants, should be a short and plain statement, and should avoid attempts to relitigate the nature of the Allotment or to undermine state court proceedings.

* * *

Therefore, it is hereby **ORDERED** that the Motion to Dismiss (Dkt. 65) filed by the defendants, Boyd Goodpastor, J. Mark Keller, and Lee Boling, is GRANTED. The remaining named defendants are DISMISSED. John Doe and Jane Doe 1-10 are dismissed without prejudice.

The case is dismissed without prejudice as to a motion for leave to amend only. Any motion for leave to amend shall be filed before June 1, 2017.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 11th day of May, 2017.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge