UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT REGINALD COMENOUT SR. and EDWARD AMOS COMENOUT III,<br><br>Plaintiffs,<br><br>v.<br><br>ERIC BELIN, AL ANDERSON, KANDRA TINNERSET, and PAUL JOHNSON,<br><br>Defendants. | CASE NO. 3:16-cv-05464-RJB<br><br>ORDER ON DEFENDANT ERIC BELIN'S MOTION FOR SUMMARY JUDGMENT |

THIS MATTER comes before the Court on Defendant Eric Belin's Motion for Summary Judgment. Dkt. 115. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

## I.   RELEVANT FACTS AND PROCEDURAL HISTORY

**A. FACTS.**

The following facts are substantiated by the record and written in the light most favorable to Plaintiffs. Where Plaintiffs have not contested facts provided by Defendant Belin, those facts are construed as true for the purposes of this motion.

ORDER ON DEFENDANT ERIC BELIN'S MOTION FOR SUMMARY JUDGMENT - 1

*1. Billboard on the Allotment.*

The Fourth Amended Complaint names Defendant Belin in his official capacity as a City of Puyallup employee who "trespassed on Plaintiffs' property and posted stop [work] orders causing Plaintiffs to stop construction" of a commercial sign ("the billboard"). Dkt. 79 at ¶19. According to Plaintiff Robert Comenout Jr., on an unidentified date in 2006, he "was present" when two City of Puyallup employees visited the real property central to the claims in this case ("the Allotment"). Dkt. 120. Plaintiff Robert Comenout Jr. represents that the two employees "tried to stop the Indian Country billboard sign from being built." *Id*. at ¶2. He recalls hearing Edward Comenout Jr. tell the two employees "words to the effect that the City of Puyallup had no authority to stop [Edward] from building the sign." *Id*. at ¶5. The two employees "served the employee of the sign building contractor with some kind of stop order . . . [that is] still attached to the sign." *Id*. at ¶6.

Defendant Belin recalls visiting the Allotment once on October 24, 2006 with Cynthia Kiersey, Code Enforcement Officer, for the purpose identifying the billboard contractor. Dkt. 118 at ¶¶10, 13(a). Defendant Belin maintains that he "never at any time took any enforcement action against Plaintiffs over or involving the billboard[,]" and had no involvement in drafting, reviewing, approving, or issuing a stop work order. *Id*. at ¶¶11, 13(b).

The City of Puyallup issued a stop work order on or about the 26th or 27th of October, 2006. *See* Dkt. 116-1 at 55-66.

*2. Notice of Violation and Stop Work Order, and 2007 litigation.*

The City of Puyallup's stop work order was the subject of prior litigation assigned to this Court and commenced on April 17, 2007 ("the 2007 litigation"). *See* Dkt. 116-1 at 55-66 (*Edward Comenout Jr. v. City of Puyallup*, Cause No. 3:07-cv-05182-RJB, Dkt. 1). The initial

plaintiff in the 2007 litigation, Edward Comenout Jr., attached to the Complaint a copy of an October 27, 2006 Notice of Civil Violations and Stop Work Order. *Id*. at 60-66. Sent in letter format by the City Attorney to Edward Comenout Jr., the notice and order was issued "[p]ursuant to IBC [International Building Code] section 114:1," which gives the "City's Building Official [] the authority to issue" the civil infraction. *Id*. at 64. The document allowed for written appeal of the infraction to the "Code Compliance Hearing Examiner." *Id*. at 65. The document describes violations based on observations by the City of Puyallup on two dates: October 19, 2006, by Cynthia Keirsey, Code Enforcement Officer, and Reilly Pittman, Assistant Planner; and October 24, 2006, by Ms. Keirsey, Code Enforcement Officer, and Defendant Belin, Senior Building Inspector. *Id*. at 60, 61.

This Court dismissed the 2007 litigation without prejudice after the plaintiffs failed to explain why all parties with interests in the Allotment had not been joined. Dkt. 116-2 at 87, 88.

*3. Defendant Belin as an employee of City of Puyallup.*

Defendant Belin is currently a Senior Plans Examiner for the City of Puyallup, a position held since January 1, 2008. Dkt. 123 at ¶2. Prior to 2008, including during 2006, Defendant Belin held the position of Senior Building Inspector. *Id*. at ¶7. He has never had the authority to issue, revoke, or take action on building permits. Dkt. 118 at ¶5. He has never held the position of Code Enforcement Officer or City Building Official, and he does not act as a speaking agent for the City of Puyallup or possess authority to make its policy. *Id*. at ¶¶5, 6.

Defendant Belin is not, and has never been, employed by the City of Puyallup Police Department. Dkt. 117 at ¶6; Dkt. 118 at ¶7. He lacks authority to enforce criminal laws. *Id*.

*4. Current lease status of the Allotment.*

ORDER ON DEFENDANT ERIC BELIN'S MOTION FOR SUMMARY JUDGMENT - 3

1    According to counsel to Plaintiffs, the Allotment is the subject of a lease currently under

2    negotiation, with proposed lease terms to include revenue from the billboard. Dkt. 121 at ¶10, pp.

3    9-12. Counsel has included several redacted pages of the proposed lease that he represents are

4    "the only pages directly relevant to this case," including a page that purportedly allows the

5    Lessee to enter into subleases for the billboard "without meeting consent requirements or

6    obtaining BIA approval[.]" *Id*. at ¶10 and pp. 8-12. *But see* Dkt. 116-1 (Dec. 9, 2006 BIA letter

7    to contractor regarding Environmental Assessment for "partially constructed outdoor display").

8    　　　　The legal character of the Allotment is disputed by the parties but not addressed by this

9    Order.

10   **B. CLAIM AGAINST DEFENDANT BELIN.**

11   　　　　Of five claims in the Fourth Amended Complaint, only the First Claim pertains to Belin.

12   *Compare* Dkt. 79 at ¶22; *id*. at ¶¶ 23-37. The First Claim seeks injunctive relief on two grounds:

13   (1) a permanent injunction, for Defendant Belin "to withdraw all orders issued by them stopping

14   construction of the existing billboard sign in the process of construction," and (2) an order

15   "prohibiting all interference by the City of Puyallup preventing Plaintiffs from installing,

16   completing and maintaining the sign on the premises." *Id*. *See id*. at p. 21. The First Claim also

17   seeks declaratory relief, for a "ruling that Puyallup law enforcement officers are required to

18   respond to calls from property owners to investigate . . . crime on the Allotment." *Id*.

19   　　　　The First Claim provides the following factual background to the alleged constitutional

20   deprivations by Defendant Belin and two other defendants previously dismissed from the case:

21   　　　　In 2006, Edward Amos Comenout Sr., then an owner of over a 50% joint interest in the
     　　　　Allotment, started construction of a large commercial billboard . . . On October 26, 2006,
22   　　　　the City of Puyallup issued a stop-work order on the land. City of Puyallup employees . .
     　　　　. trespassed on the land to attach stop-work orders [*sic*] on the construction. They refused
23   　　　　to recognize the federal jurisdiction of the Allotment. *Id*.

24

## C. DEFENDANT'S MOTION AND ORGANIZATION OF OPINION.

Defendant Belin seeks summary judgment of dismissal on five separate grounds: (1) Defendant Belin did not issue the stop work order at issue and has no authority to speak on behalf of the City of Puyallup as to its enforcement; (2) Defendant Belin is not a law enforcement officer and cannot address the adequacy of the City of Puyallup Police Department's responsiveness, or lack thereof; (3) Plaintiffs lack standing under Article III; (4) Plaintiffs failed to join other necessary parties; and (5) Plaintiffs' claims are time-barred. Dkt. 115 at 1; Dkt. 122 at 1, 2.

The Court will address Defendant Belin's issues in the order raised.

## II. DISCUSSION

## A. SUMMARY JUDGMENT STANDARD.

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (d). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, T.W. *Elect. Service Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

**B. ISSUES ANALYSIS.**

　　*1. Whether Defendant Belin has authority to enforce the stop work order.*

Plaintiffs seek injunctive relief that would "withdraw" all orders prohibiting billboard construction and would "prohibit all interference" in their billboard activities on the Allotment. Dkt. 79 at ¶22 and p. 21. Plaintiffs have named Defendant Belin in requesting this relief, which presumes that Defendant Belin has civil enforcement authority for the City of Puyallup. There is no showing that Defendant Belin has this authority.

The record points only to the contrary. There is no issue of material fact as to whether Defendant Belin *currently* possesses authority to act on behalf of the City of Puyallup to enforce its municipal building codes. Under Puyallup Municipal Code, civil enforcement authority of building codes is extended to only to "enforcement officers," defined as "the city's code

enforcement officer or any person authorized by the director of any department[.]" Puyallup Municipal Code1.02.020; 17.04.130. There is no dispute that Defendant Belin, a Senior Plans Examiner, is not a code enforcement officer. When Defendant Belin visited the Allotment in 2006, he was accompanied by another person with the job title of code enforcement officer, Ms. Keirsey. Dkt. 116-1 at 60.

Even if Defendant Belin had authority to enforce the City's building code in 2006, there is no indication that Defendant Belin, in his current role of Senior Plans Examiner, is a "director of a department" or a person delegated that authority by a department director. Defendant Belin disavows possessing such authority, and his job description makes no mention of enforcement. Dkt. 118 at ¶¶5, 6; Dkt. 123-1. The October 27, 2006 letter from the City Attorney, the Notice of Violation and Stop Work Order, explicitly invokes enforcement authority of "the City's Building Official." Dkt. 116-1 at 64. If it is assumed that the City's Building Official is a department director, Defendant Belin does not hold, and has not ever held, that position. *Id*. Even if the record could be construed to indicate that Defendant Belin reported to the City's Building Official prior to 2008, no evidence suggests that the City's Building Official has delegated enforcement authority to Defendant Belin at present.

The record is void of any indication that a department director delegated enforcement authority to Defendant Belin. Plaintiffs have not sought to add a defendant other than Defendant Belin, and Plaintiffs did not request to conduct additional discovery on Defendant Belin.

In sum, by statute or ordinance, the authority to enforce municipal building codes is extended only to code enforcement officers and department directors or their designees. There is no showing that Defendant Belin is, or has ever been, a code enforcement officer. He is not the director of a department, and nothing points to current delegation of authority by a department

director, including the City's Building Official. Even if the Court were to grant the injunctive relief requested, Defendant Belin is not the appropriate subject of the relief. He should be dismissed.

Plaintiffs make much of Defendant Belin's role in the issuance of the stop work order in 2006. Dkt. 119 at 1, 2. Although Defendant Belin's role in issuance of the City's enforcement action may be a disputed fact, even if Defendant Belin himself had issued the stop work order in 2006, Plaintiffs seek injunctive relief, not damages. To obtain injunctive relief, Defendant Belin needs to be the appropriate subject of the requested action, which, as discussed, he is not.

Plaintiffs also argue that granting summary judgment in favor of Defendant Belin "would hold that he, or his replacement, would have jurisdiction of the allotment to inspect constructions . . . set[ting] in motion another stop order entered without jurisdiction." *Id*. at 2. This Order makes no finding about the legal status of the Allotment, and dismissal of Defendant Belin should not be construed as a finding, in favor of or against, the enforceability of the City of Puyallup's building code. The issue presented is whether Plaintiffs can sustain a claim against Defendant Belin, which they cannot.

The requests for injunctive relief in the First Claim should be dismissed as to Defendant Belin.

2. *Whether Defendant Belin has authority to act as City of Puyallup law enforcement officer.*

It is unclear why the request for declaratory relief, for the City of Puyallup to be required to respond to emergency calls from the Allotment, was included in the same paragraph as the requests for injunctive relief. There is no evidence that Defendant Belin has ever been a law

enforcement officer. The evidence, including declarations by Defendant Belin and of the Chief of Police for the City of Puyallup, points exclusively to the contrary. *See* Dkts. 117, 118.

The request for declaratory relief in the First Claim should be dismissed as to Defendant Belin. Because there remains no other relief requested as to Defendant Belin, in the First Claim or elsewhere, Defendant Belin should be dismissed from the case.

3. *Other grounds for dismissal raised by Defendant Belin.*

Because summary judgment of dismissal should be granted on the merits as to Defendant Belin, the Court respectfully declines to reach Defendant Belin's alternative grounds for dismissal: standing, failure to join necessary parties, and bar by the statute of limitations.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

Defendant Eric Belin's Motion for Summary Judgment (Dkt. 115) is HEREBY GRANTED. Defendant Belin is HEREBY DISMISSED from the case.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 11th day of May, 2018.

*[signature]*

ROBERT J. BRYAN
United States District Judge