UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT REGINALD COMENOUT, SR. and EDWARD AMOS COMENOUT III, enrolled Indians and Joint Allotment Owners,<br><br>Plaintiffs,<br><br>v.<br><br>KANDRA TINNERSTET, Lieutenant of Washington State Liquor and Cannabis Control Board,<br><br>Defendant. | CASE NO. 3:16-cv-05464-RJB<br><br>ORDER GRANTING DEFENDANT KANDRA TINNERSTET'S MOTION FOR SUMMARY JUDGMENT |

THIS MATTER comes before the Court on Defendant Kandra Tinnerstet's Motion for Summary Judgment. Dkt. 126. The Court has considered the motion and the remainder of the file herein.

BACKGROUND

**A. Procedural history and claims.**

Most of this case's procedural history, which is lengthy, lacks relevance to the pending motion filed by the remaining defendant, Kandra Tinnerstet. Of five claims in the Fourth

ORDER GRANTING DEFENDANT KANDRA TINNERSTET'S MOTION FOR SUMMARY JUDGMENT - 1

Amended Complaint, only the Fourth Claim pertains to Defendant. *See generally*, Dkt. 79. It is alleged that on May 21, 2015, Defendant, in her capacity as an employee of and on behalf of the Washington State Liquor and Cannabis Board, confiscated over 30,000 commercial cigarettes owned by Plaintiff Robert Reginald Comenout, Sr. Dkt. 79 at ¶¶20, 29, 30. Defendant allegedly violated Plaintiffs' Fourth and Fourteenth Amendment rights by the unlawful search and initial seizure of the cigarettes. *Id*. at ¶35. Defendant also allegedly violated Plaintiff Comenout, Sr.'s Fourth, Fifth, and Fourteenth Amendment rights by the inverse condemnation of the cigarettes, because cigarettes are perishable and no longer of any value, and Defendant knew of their perishability but failed to preserve or sell them. *Id*. at ¶¶35, 36. Plaintiffs seek damages for the lost value of the cigarettes. *Id*.

The Fourth Claim also cursorily alleges that the property where the cigarettes were commercially sold, referred as "the Allotment" by Plaintiffs, "[s]hould be [c]lassified [w]ithin 18 U.S.C. § 1151(c)," *id*. at p. 18, ln. 7, a statutory subsection defining "Indian allotments" as one type of "Indian country."

**B. The record.**

In support of Defendant's motion for summary judgment, Defendant filed the Declaration of Kandra Kinnerstet, wherein she states:

> 5. In my role as an enforcement officer [of the Liquor and Cannabis Board] I entered [the Allotment] on May 21, 2015.
>
> 6. I was not involved in obtaining the search warrants . . .
>
> 7. My role in the May 21, 2015, execution of the search warrant was to collect, inventory, and transport evidence . . . [a] duty [] assigned to me by J. Mark Keller and Boyd Goodpaster [*sic*]. . . The on-scene commander of the operation was Captain Lisa Reinke . . . I was not the officer in charge of planning or leading the operation . . .
>
> 9. Included in the property inventoried on May 21, 2015 were cartons of cigarettes . . . I transported a portion . . . to the Liquor and Cannabis Board's evidence facility . . .

ORDER GRANTING DEFENDANT KANDRA TINNERSTET'S MOTION FOR SUMMARY JUDGMENT - 2

> 10. Since May 21, 2015 . . . the seized cigarettes have been housed at the Liquor and Cannabis evidence facility.
>
> 11. . . . I was not involved with any decision regarding what happened to any of the property, including cigarettes . . . I have no authority to made [sic] decisions regarding property. . . I do not know the fair market value, if any, of the seized cigarettes.

Dkt. 128. Defendant also attached copies of pleadings in to two others matters: an administrative forfeiture action for the cigarettes confiscated on May 21, 2015, which Plaintiff Comenout, Sr. has appealed to Yakima Superior Court, and a Pierce County Superior Court *Alford* plea by Plaintiff Comenout, Sr. to two crimes, (a) Engaging in the Business of Cigarette Purchasing, Selling, or Distributing Without a License, and (b) Possession of More than 10,000 Contraband Cigarettes, a conviction affirmed on appeal by Division II. Dkts. 127, 127-1 through 127-7.

In response to the motion, Plaintiffs filed two declarations. The Declaration of Plaintiff Robert Reginald Comenout, Sr. states that on May 21, 2015, "[Defendant] Tinnerstet never introduced herself to me even though I was present on the property and watched her inventory the property[]" confiscated by the Liquor and Cannabis Control Board. Dkt. 131 at ¶4. The declaration represents personal knowledge that "commercially packaged cigarettes . . . have a limited shelf life of less than a year[,]" but "[t]o date, the cigarettes taken have never been returned . . . [and] were . . . not sold[.]" *Id*. at ¶7. The declaration makes representations of Plaintiff's knowledge about the legal character of the Allotment. *Id*. at ¶¶4-7.

The Declaration of Robert Kovacevich, Plaintiffs' counsel, also makes representations about the legal character of the Allotment. Dkt. 132 at ¶5. Counsel states that any recovery from the administrative forfeiture action, even if his client prevails against the Liquor and Cannabis Control Board, will not include "spoilage damages" that account for the loss in value to the cigarettes. *Id*. at ¶3. Finally, counsel states that an unidentified "publication of the state [sic] of

Washington attached[1] to the Declaration of [Plaintiff] Robert Reginald Comenout, Sr. was issued in 2015 . . . on the internet and dated 2015." Dkt. 132 at ¶4. This publication, like a Department of Revenue Tax Declaration for Cigarettes form, attached by counsel, "states that consumers [and not Indians] are required to pay the [cigarette] tax." *Id*.

**C. Defendant's Motion.**

Defendant makes three core arguments: (1) Defendant is entitled to qualified immunity, because no existing precedent clearly established that confiscating contraband cigarettes pursuant to a search warrant and statutory authority amounts to a constitutional violation; (2) the Fourth Amended Complaint fails to state a claim, because Plaintiffs' challenge to the search warrant underlying the cigarette confiscation only re-litigates a settled issue on the character of the Allotment; and (3) equity and comity principles, including *Younger* abstention, the *Rooker-Feldman* doctrine, and collateral estoppel, preclude the Court from interfering with either the administrative forfeiture action, which is currently on appeal, or Plaintiff's *Alford* plea, which has been affirmed on appeal.

## STANDARD ON SUMMARY JUDGMENT

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of

---

[1] The publication is not attached to Plaintiff Comenout, Sr.'s declaration, *see* Dkt. 131, but the Court can infer its intended purpose from counsel's declaration.

fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (d). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, T.W. *Elect. Service Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990

DISCUSSION

A. **Sec. 1983 liability and qualified immunity generally.**

There are two elements to §1983 claims: that (1) a person acting under color of state law committed the conduct at issue, and (2) the conduct deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. Sec. 1983;

*Shah v. Cty. of Los Angeles*, 797 F.2d 743, 746 (9th Cir. 1986). Only the second element is at issue in this case.

Qualified immunity shields government actors from civil liability under §1983 if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Courts evaluate two independent questions: (1) whether the officer's conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the incident. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). "What this means in practice is that whether an official protected by qualified immunity may be held personally liable . . . generally turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time[.]" *Wilson v. Layne*, 526 U.S. 603, 614 (1999) (internal quotations omitted).

**B. Standard applied.**

In summary, Defendant's motion should be granted and the claim dismissed on grounds of § 1983 qualified immunity.

Plaintiffs conflate Defendant's liability as one continuing act, but for purposes of this Discussion, it is helpful to analyze the claim against Defendant as two separate theories of liability: (1) Defendant executing an unlawful search and seizure on May 21, 2015; and (2) Defendant unlawfully seizing the cigarettes from May 21, 2015 to present.

1. <u>Unlawful search and seizure on May 21, 2015.</u>

Plaintiffs argue that the State Department of Revenue (DOR) "waived" any duty for Plaintiffs to comply with the State of Washington's cigarette tax laws, because an internet-published DOR policy informs Washington citizens, not Indian retailers, of their affirmative

obligation to pay taxes on cigarettes purchased from in-State Tribal retailers. Dkt. 130 at 1-3. Because of that 'waiver' by the State, and because the Allotment is Indian Country and not subject to State tax or criminal authority, the search warrant executed on May 21, 2015 was invalid, the argument continues, and Plaintiffs cannot be held liable criminally or civilly for unpaid cigarette taxes. *Id.* at 3-7.

As Defendant rightly argues, this argument is in essence a collateral attack on the search warrant underlying Plaintiff Comenout, Sr.'s criminal conviction and the administrative forfeiture action. For reasons of judicial comity, it would be imprudent to second-guess either state court decision. Further, Plaintiffs have provided no evidence of what Defendant herself knew about the DOR policy. Pointing to the policy's general availability on the internet does not create an issue of fact as to whether Defendant, a subordinate employee of another agency, the Liquor and Cannabis Control Board, violated clearly established law by complying with her supervisor's instructions to seize cigarettes under the terms of a lawful warrant.

More fatally, Plaintiffs' argument is based on their theory of a specific legal characterization of the Allotment, an issue that has been litigated at least two other times as to the same exact parcel of land. *See State of Wash. v. Comenout*, 173 Wn.2d 235, 238-40 (2011), *affirmed*, *Comenout v. Washington*, 132 S.Ct. 2402 (2012); *State v. Comenout*, 2017 WL 6603663 (Div. II 2017). While Plaintiffs can disagree with prior precedent, Defendant's seizure of the cigarettes was based on a lawful warrant based on good law. Executing a search warrant based on lawful, current precedent does not give rise to at § 1983 claim. As to this theory, because Plaintiffs cannot establish a constitutional violation, they cannot establish § 1983 liability.

2. <u>Unlawful seizure from May 21, 2015 to present.</u>

1 | Defendant has alleged damages from the "inverse condemnation" of cigarettes, because the cigarettes confiscated by the May 21, 2015 event are now allegedly worthless. The record lacks support for this theory to proceed. The record establishes that on May 21, 2015, Defendant collected, inventoried, and transported cigarettes confiscated from the Allotment; Defendant worked at the direction of others and did not lead or plan the operation; Defendant placed the cigarettes at the Liquor and Cannabis Control Board evidence facility, where they have remained ever since; Defendant was not involved with and has lacked the authority to make the decision of where the cigarettes should go. Dkt. 128; Dkt. 131 at ¶¶3, 5, 7.

First, the most glaring problem for Plaintiffs is the lack of a causal connection between Defendant's conduct and the destruction of the cigarettes. Although Defendant may have been the last person to physically touch the cigarettes prior to their placement into evidence storage, Defendant lacked involvement in any decision-making of the cigarettes' fate. Defendant lacked—and still lacks—authority. *See id*. Second, even if it could be shown that it was Defendant who was responsible for the cigarettes from the time of their confiscation to present, Plaintiffs have not made any showing that Defendant has violated clearly established law. At most, the record can be construed to show that after the cigarettes' confiscation, Defendant has allowed an administrative forfeiture action to proceed as Plaintiff Comenout, Sr.'s remedy for a wrongful forfeiture, despite knowledge that cigarettes are perishable and the appeal of the administrative decision could take months or years. Plaintiffs provide no authority that this violates clearly established law.

Plaintiffs argue that even if Plaintiff Comenout, Sr. prevails on appeal in the administrative forfeiture action, the remedy will not include "spoilage damages" that account for the loss in value to the cigarettes. Dkt. 130 at 14, 15; Dkt. 132 at ¶3. Notwithstanding that there

may be differences between remedies available at State law and under § 1983, Plaintiffs elsewhere argue that "there is no parallel or any other case that has adjudicated the same perishable and spoliation issue alleged here against Tinnerstet by the Plaintiffs." Dkt. 130 at 14. In other words, Plaintiffs concede that the nuances and distinctions of State and federal remedies is not clearly established law. As to the second theory, there is no basis under § 1983 to hold Defendant liable for a violation of clearly established law, even if Plaintiffs could show constitutional harm, which they cannot.

Defendant's motion should be granted and Defendant shielded from liability under § 1983, because Plaintiffs have not established any issues of material fact as to whether Defendant violated a clearly established constitutional right. Dismissal should be granted.

Because dismissal is warranted on qualified immunity grounds, the Court need not reach the issue of whether dismissal is proper on other grounds raised by Defendant. Because Defendant is the sole remaining defendant, the case should be closed.

THEREFORE, it is HEREBY ORDERED: Defendant Kandra Tinnerstet's Motion for Summary Judgment (Dkt. 126) is HEREBY GRANTED. Defendant Kandra Tinnerstet is DISMISSED.

There being no other remaining defendants, this matter is closed.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 23rd day of August, 2018.

ROBERT J. BRYAN
United States District Judge